UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**MICHAEL GILBERT,**

    Plaintiff,

v.

**SANZA FOOD SERVICE, LLC,**

    Defendant.
_____/

## COMPLAINT

Plaintiff, MICHAEL GILBERT ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, SANZA FOOD SERVICE, LLC ("Defendant"), and alleges as follows:

### Introduction

1. This is an action by Plaintiff against Defendant for damages in connection to claims for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for damages due to retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

2. Plaintiff seeks money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

### PARTIES, JURISDICTION AND VENUE

3. Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

4. Defendant is a Florida limited liability company with a principal place of business in Broward County, Florida, was at all material times authorized to conducts its for-profit business in Florida, as well as other states, and it is otherwise *sui juris*.

1 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

5. During the relevant period, Plaintiff's employment, including his duties and responsibilities, was controlled by Defendant.

6. During the relevant period, Defendant set Plaintiff's work schedule.

7. During the relevant period, Plaintiff reported to Defendant's management team and was required to adhere to their instructions and mandates.

8. Defendant provided all the tools, materials, and supplies to be used by Plaintiff when performing work for Defendant.

9. Plaintiff was required to wear a uniform provided by Defendant.

10. Plaintiff was paid *via* direct deposit to his personal bank account.

11. Plaintiff was formerly employed by Defendant in Broward County, Florida.

12. Venue is proper in this Court because Defendant conducts business in Broward County, employed Plaintiff in Broward County, and the claims arose within Broward County.

13. All conditions precedent for the filing of this action before this Court have been previously met.

## GENERAL ALLEGATIONS

14. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203 (d).

15. At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

16. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

17. Upon information and belief, Defendant's annual gross income significantly exceeds the $500,000.00 annual income threshold set for enterprise coverage under the FLSA.

2 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

18. At all relevant times, Defendant employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

19. Upon information and belief, Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

20. Defendant, at all material and relevant times, was engaged in interstate commerce and subject to enterprise coverage under the FLSA.

## BACKGROUND

21. Plaintiff worked for Defendant from 2012, until his unlawful, retaliatory termination on October 12, 2021.

22. Plaintiff is a culinary professional with more than ten (10) years of experience in the hospitality and food and beverage service industry.

23. Defendant hired Plaintiff in 2012.

24. Plaintiff was given a misleading and inflated job title.

25. Plaintiff's job duties were that of a sous chef, colloquially known as an "assistant" in the kitchen and subject to the dictates of the Head Chef.

26. Plaintiff customarily and regularly worked over well over 40 hours a week for Defendant.

27. Defendant, however, never paid Plaintiff at time-and-a-half his regular rate of pay as required by the FLSA.

3 | P a g e            PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

28. Despite his requests, Plaintiff was denied receipt of paystubs by Defendant to confirm ongoing FLSA violations.

29. To make matters worse, Defendant failed to compensate Plaintiff at or above the state and federal minimum wage for several weeks where Plaintiff's rate of pay was well below $7.00 per hour (*i.e.,* September 28, 2021, to October 16, 2021) in violation of the FLSA which requires minimum wages to be paid at no less than $7.25 per hour.

30. During this time, Plaintiff complained about and objected to Defendant's illegal pay policies and practices directly to his supervisors, chef Joe Bellanti ("Bellanti") and chef Victor Barnes ("Barnes"), human resources personnel, Leslie Hunt ("Hunt"), and his coworker, Rob Stevenson ("Stevenson"), on several occasions—as late as early October 2021.

31. Plaintiff was retaliatorily terminated by Defendant on October 16, 2021, based on his complaints regarding illegal pay policies and practices that directly affected his employment and wages paid.

32. At all material times, Plaintiff was qualified to hold and execute his position with Defendant.

33. Any reasons proffered by Defendant to justify Plaintiff's unlawful termination is nothing more than mere pretext.

34. On or around January 6, 2018, Plaintiff received information from former colleagues about violent threats levied against Plaintiff by Defendant's employee, Bellanti.

35. During Plaintiff's employment with Defendant, Bellanti was Plaintiff's supervisor.

36. Bellanti's threats were so violent and threatening that Plaintiff filed a police report with the Davie Police Department to report Bellanti's threatening and retaliatory conduct. *See* Police Report attached as "**Exhibit A**."

4 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

37. Plaintiff fears that Bellanti's threats will continue or worse, he will act on them and inflict harm on Plaintiff.

38. Defendant took post-employment retaliatory action in the form of fearmongering and chilling Plaintiff's ability to seek relief through violent threats communicated to Plaintiff after he complained of and objected to Defendant's illegal conduct and his unlawful termination.

### Count I

### UNPAID OVERTIME VIOLATION AGAINST SANZA UNDER THE FLSA

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 as if fully set forth herein.

47. Upon information and belief, the annual volume of sales or business for Defendant exceeded $500,000 during each calendar year of the relevant period.

48. As part of its business, Defendant sold goods and materials that traveled through interstate commerce during the relevant period.

49. During the relevant period, Defendant obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

50. During the relevant period, Defendant, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

51. Defendant engaged in interstate commerce and were subject to the FLSA during all relevant periods.

5 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

52. During Plaintiff's employment with Defendant, Plaintiff worked over forty (40) hours per week on numerous occasions.

53. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendant never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

54. Defendant intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

55. Defendant is in violation of the FLSA and owes Plaintiff backpay.

56. In addition, Defendant is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment against Defendant under the FLSA;

   b. Award Plaintiff actual damages for the unpaid overtime wages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff attorneys' fees and costs;

   e. Award Plaintiff all recoverable interest; and

   f. Award any other relief this Honorable Court deems just and proper.

## Count II

### MINIMUM WAGE VIOLATION AGAINST SANZA UNDER THE FLSA

57. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 as if fully set forth herein.

6 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

58. Defendant was Plaintiff's direct employers, joint employers, and co-employers under the FLSA.

59. During the relevant time period, Plaintiff worked numerous hours that were not compensated at the federal minimum wage rates.

60. As such, Plaintiff is owed back pay for hours worked.

61. Additionally, Defendant is jointly and severally liable for double the amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

　　a. Enter judgment against Defendant under the FLSA;

　　b. Award Plaintiff actual damages for the unpaid minimum wages;

　　c. Award Plaintiff liquidated damages;

　　d. Award Plaintiff attorneys' fees and costs;

　　e. Award Plaintiff all recoverable interest; and

　　f. Award any other relief this Honorable Court deems just and proper.

## Count III

### FLSA RETALIATION BY SANZA (TERMINATION)

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

63. Defendant is considered an employer under the FLSA.

64. Plaintiff is a former employee of Defendant and was so during the relevant period.

65. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

7 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

- Plaintiff complained about and objected to Defendant's illegal pay policies and practices directly to Bellanti, Barnes, Hunt and Stevenson on several occasions—as late as early October 2021.

- Advising Defendant of Plaintiff's entitlement to unpaid overtime and minimum wage compensation due and owing to him.

66. Defendant retaliated against Plaintiff for engaging in such protected activity by retaliatorily terminating Plaintiff.

67. Plaintiff, due to the Company's failure to remedy the unpaid wage issue and threat to Plaintiff's position, was unlawfully terminated.

68. Defendant's retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

69. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct Defendant engaged in.

70. Plaintiff has suffered mental and emotional distress because of Defendant's retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant under the FLSA;

b. Award Plaintiff actual damages for lost wages (back pay) and for lost future/front wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

g. Award any other relief this Honorable Court deems just and proper.

## Count IV

### FLSA RETALIATION BY SANZA (POST-EMPLOYMENT RETALIATION)

71. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

72. Defendant is considered an employer under the FLSA.

73. Plaintiff is a former employee of Defendant and was so during the relevant period.

74. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

- Plaintiff complained about and objected to Defendant's illegal pay policies and practices directly to Bellanti, Barnes, Hunt and Stevenson on several occasions—as late as early October 2021.

- Advising Defendant of Plaintiff's entitlement to unpaid overtime and minimum wage compensation due and owing to him.

75. Defendant retaliated against Plaintiff, post-employment, for engaging in such protected activity through Joe Bellanti and his transmission of threatening communications directed to Plaintiff.

76. Defendant's retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

77. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct Defendant engaged in.

78. Plaintiff has suffered mental and emotional distress because of Defendant's retaliatory conduct.

9 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant under the FLSA;

b. Award Plaintiff actual damages for lost wages (back pay) and for lost future/front wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: March 22, 2022.

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 109482
harne@pba-law.com
**PERERA ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

10 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com